IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Colony Insurance Company, | ) | |
| | ) | C.A. No. 2:11-CV-00329 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Daniel Mundy d/b/a Daniel's Services, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Daniel Mundy, d/b/a Daniel's Services ("Defendant") is a sole proprietorship engaged in the building repair and improvement business. Plaintiff Colony Insurance Company ("Plaintiff") issued a commercial general liability policy to Defendant covering the period of August 7, 2009 to August 7, 2010 ("the Policy").

Defendant is a party to an action in the Court of Common Pleas for Charleston County, South Carolina involving Braxton R. Young, LLC d/b/a Keystone Design/Building LLC ("Keystone"), Hitt Contracting, Inc. ("Hitt"), and Trust Link Inc. ("Truss Link"). This action is referred to by Plaintiff as the "Hitt lawsuit." Keystone, Hitt, and Truss Link allege that Defendant is liable for defective installation of a prefabricated metal truss system for the roof on the Department of Interior Child Development Center located at the Charleston Air Force Base in North Charleston, South Carolina. The system ultimately collapsed.

Plaintiff filed the within declaratory judgment action on February 8, 2011, seeking an order declaring that it has no duty under the Policy to defend, nor liability to furnish or pay defense, judgment or settlement costs for Defendant, in connection with the Hitt Lawsuit. Defendant failed to answer or otherwise defend the action. The Clerk of Court filed an entry of

default on March 22, 2011.  This matter is before the court on a motion for default judgment filed by Plaintiff on March 23, 2011.  The court held a hearing on October 5, 2011.

## DISCUSSION

Where a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend the action, the court may enter a default judgment upon the prosecuting party's motion.  See Fed. R. Civ. P. 55.  In reviewing a plaintiff's motion for default judgment, the court accepts as true the well-pleaded factual allegations in the complaint as to liability.  Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780–81 (4th Cir. 2001).  However, it remains for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action.  Id.  The decision to grant a motion for default judgment lies within the court's discretion.  See, e.g., United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).

In determining whether to grant such a motion, the court may consider a number of factors including: the possibility of prejudice to the plaintiff; the merits of the plaintiff's substantive claim; the sufficiency of the complaint (i.e., whether the facts alleged state a valid cause of action under the law upon which the claim is based); and the sum at stake.  See Moore's Federal Practice 3d § 55.20(2)(b); see also Felix v. Sun Microsystems, Inc., No. 03-1304, 2004 WL 911303, at *4 (D. Md. April 12, 2004); Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

The Policy states that Coverage A for bodily injury and property damage is limited to damage caused by the business as described in the within schedule.  ECF No. 9-2, p. 31.  Under the Policy schedule, Defendant's business description was listed as carpentry work and the classification was listed as "Carpentry-NOC" Code Number 91342.  According to the International Organization for Standardization, ("ISO"), which was used by Plaintiff to classify

2

the scope of an insured's work, Code Number 91342 applies to carpentry operations that are not specifically described by another construction classification.

> Code 91342 applies mainly to "carpentry contractors constructing or repairing commercial and/or industrial buildings or residential buildings exceeding three stories in height. This will include both the rough carpentry and interior work when performed by the same contractor. Additional operations include but are not limited to wooden bleacher or grandstand erection, installation of wooden playground equipment, construction of wooden bridges, and the installation of wooden guard railings. The making, erecting, or stripping of forms in connection with concrete work is included in the appropriate concrete classification . . . Roofing operations are assigned to the applicable roofing classification." ECF No. 9-5.

Analogies listed for Code 91342 are all limited to woodwork. ECF No. 9-5. Plaintiff cites to the Oxford English Dictionary which defines carpentry as "the activity or occupation of making or repairing things in wood." ECF No. 9-1, p. 5. Defendant's application for commercial insurance with Plaintiff also stated that the nature of Defendant's business was carpentry work, which included: installing and repairing decks and porches, light interior remodeling, but "no structural contracting" and no demolition. ECF No. 9-2, p. 57. In the commercial general liability section of the application, Defendant asserted that his classification was carpentry and he checked the "no" box to the questions of whether he would be performing any structural alterations or demolitions. ECF No. 9-2, pp. 60-61.

Plaintiff's main contention is that the Hitt lawsuit does not trigger coverage for bodily injury and property damage (Coverage A) because Defendant was engaged in metal truss work and not in "Carpentry-NOC," for which Defendant was insured. ECF No. 9-1, p. 4. The ISO carpentry classification under the Policy expressly excluded roofing operations, such as metal truss work. Metal truss work that does not involve any wood is also excluded from the carpentry classification. The court concludes that the Policy provided by Plaintiff to Defendant precluded

3

coverage for Defendant's metal truss operations and that a declaratory judgment to that effect is appropriate.

## CONCLUSION

The court grants Plaintiff's motion for default judgment and Plaintiff's request for declaratory relief. The court finds that Plaintiff has no duty to defend, duty to indemnify, and no obligation under the Policy to pay any judgment or settlement that may be rendered or reached by or against Defendant in connection with the Hitt Lawsuit insofar as the Hitt Lawsuit involves Defendant's metal truss work.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

December 5, 2011
Columbia, South Carolina